IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-03093-01-CR-W-MDH |
| ) | |
| WILLIAM C. MERRIWEATHER, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant's *pro se* motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 38). Defendant was sentenced to 144 months imprisonment following a guilty plea for felony violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 21 U.S.C. § 846, and 18 U.S.C. § 924(c)(1)(A). Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously-imposed sentence for a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.A. § 3582. In 2023, the Sentencing Commission promulgated Amendment 821, which, in relevant part, allows for a reduction in offense level for certain offenders who lack criminal history points at the time of sentencing. USSG § 4C1.1. As the Government points out, however, Defendant is not eligible under Part A of the amendment because application of Amendment 821 would not change Defendant's guidelines range. Applying Amendment 821's change to Defendant's guidelines calculation would reduce his total criminal history score to 16 but would not change his criminal history category or his Guidelines range. *See* U.S.S.G. ch. 5. Defendant is not eligible for relief

under Part B of the amendment because he received criminal history points at his original sentencing. For these reasons, Defendant's motion is **DENIED**.

**IT IS SO ORDERED**.
DATED: August 27, 2024

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**